IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WIKA INSTRUMENT I, LP, n/k/a WIKA INSTRUMENT LP <br><br> Plaintiff, <br><br> v. <br><br> ASHCROFT, INC., <br><br> Defendant. | Civil File No. 1:13-cv-00043-CAP |

### WIKA'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM PREVIOUSLY UNDISCLOSED WITNESSES AT TRIAL

WIKA Instrument I, LP, n/k/a WIKA Instrument, LP ("WIKA") hereby moves to exclude any testimony or evidence at trial from five specific witnesses newly listed by Ashcroft in the Pretrial Order that were not disclosed by Ashcroft in its disclosures or discovery responses. WIKA further moves to preclude Ashcroft from adding further witnesses to its witness list.

### I.     Relevant Background

Generally, and as the Court is aware, see Doc 191, the trial of this action will address the parties' claims for false advertising and unfair competition concerning their respective process pressure gauges, and WIKA's claim for tortious interference. Discovery in this matter ended in July 2014, and the

1

Court issued its ruling on summary judgment in July 2015.  The parties submitted their joint proposed Pretrial Order to the Court on November 6, 2015.  (See Doc. 208).

Ashcroft's trial witness list includes the following previously undisclosed witnesses ("Undisclosed Witnesses") that it may call at trial:

(1)  Steve Culmone (President of Defendant Ashcroft);

(2)  Richard Gordon (a Territory Sales Manager for Ashcroft);

(3)  Thomas Olmsted (of Plastics Engineering Company ("PLENCO", a third-party);

(4)  Vince Karls (of PLENCO); and

(5)  AWC, Inc.'s "keeper of records and/or person most knowledgeable" (a third-party).

(Doc. 208-10, at 2, 5, 12-13; attached as Exhibit A.)

Despite the requirements of Fed. R. Civ. P. 26(a) & (e), and LR 26.1, NDGa 16, Ashcroft did not identify these Undisclosed Witnesses as potential witnesses with discoverable information in its initial disclosures, discovery responses, or any supplement thereof.  (See Exhibit B, composite of excerpts from Ashcroft's initial disclosures, relevant interrogatory responses, and supplements thereto.)  Further, Ashcroft did not subpoena or depose any of the third-party Undisclosed Witnesses (PLENCO and AWC, Inc.) during discovery,

or otherwise offer Mssrs. Culomone or Gordon for deposition before the close of discovery.

Finally, in addition to calling on AWC Inc.'s "keeper of records" to testify for the first time concerning certain topics, Ashcroft seeks to have AWC "produce and/or authenticate documentation regarding WIKA's responses to customer RFQs." (Ex. A at 13.)  In short, Ashcroft seeks to introduce not only previously undisclosed areas of testimony from AWC, Inc. at trial, but also new, previously undisclosed documents at trial, well after discovery closed.

## II.   Argument And Citation Of Authority

WIKA moves to exclude the Undisclosed Witnesses from testifying at trial or submitting new documentary evidence, and further moves to prohibit further new witnesses being identified, pursuant to Fed. R. Civ. P. 26, LR 26.1, NDGa, and Fed. R. Civ. P. 37.

### A.   Ashcroft Had A Duty To Disclose All Witnesses With Potential Relevant Information And Testimony During Discovery.

Rule 26 requires a party to provide certain initial disclosures including "the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i).  As this Court previously noted, "the obligation to disclose pertinent parties is continuing, so that a

3

party must supplement its disclosures or discovery responses." FTC v. Nat'l Urological Grp., Inc., 645 F. Supp. 2d 1167, 1179 (N.D. Ga. 2008) (J. Pannell).[1] See also LR 26.1, NDGa (requiring identification of potential witnesses in initial disclosures and that those disclosure be promptly supplemented or amended).

Rule 26 disclosures and compliance therewith "are essential to develop a reasoned, cost-effective plan for discovery. It allows a party to assess its case and the end result is often an early resolution to the dispute." Davis v. Green, 2015 WL 3505665 at *2-3 (N.D. Ga. June 3, 2015). To ensure compliance with Rule 26, Rule 37 prevents the party who failed to timely disclose witnesses from using such witnesses unless that party can show the "failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).[2]

---

[1] Rule 26 specifically requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided has become incomplete or incorrect. FED. R. CIV. P. 26(e)(1). Rule 26 further requires that a party seasonably amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect. Id.

[2] Rule 37(c)(1) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell

### B.  Ashcroft's Undisclosed Witnesses Should Be Excluded From Testifying And Providing New Documents At Trial.

Ashcroft undisputedly did not initially list the Undisclosed Witnesses in its Initial Disclosures, or in any of its initial discovery responses (such as responses to interrogatories).  Further, it undisputedly did not supplement its disclosures or discovery responses to include the above Undisclosed Witnesses.  Nor did Ashcroft subpoena PLENCO or AWC, Inc. during discovery; it did not seek to otherwise depose the above third-parties; and it did not offer the above Ashcroft witnesses for deposition as potential witnesses with relevant information.

Instead, post-summary judgment and after this case was amply briefed for the Court, Ashcroft listed the Undisclosed Witnesses for the first time in the Pretrial Order, <u>over a year after discovery closed in this matter</u>.  This conduct violates Rule 26 and Local Rule 26.1.

Pursuant to Rule 37(c)(1), Ashcroft should therefore be precluded from relying on these Undisclosed Witnesses, or introducing any new evidence from these witnesses, specifically from AWC, Inc.  By not formally identifying the Undisclosed Witnesses in accordance with Rule 26 during discovery, thereby

---

v. Ford Motor Co., 318 Fed. App'x. 821, 824 (11th Cir. 2009) (<u>quoting</u> <u>Leathers v. Pfizer, Inc.</u>, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

notifying WIKA that it may use these witnesses to support its claims or defenses, Ashcroft prejudiced WIKA by thwarting its ability to investigate the facts known by these witnesses, and develop the reasoned, cost-effective discovery plan intended by this Court's enforcement of Rules 26 and 37. Similarly, by not seeking documents or any testimony from AWC, Inc. during discovery but now seeking to introduce new documents and testimony at trial, Ashcroft is attempting to circumvent the Federal Rules.  See Nance v. Ricoh Electronics, Inc., 381 F. App'x 919, 923 (11th Cir. 2010) (failure to disclose witnesses was not harmless because defendant did not have the opportunity to depose the witnesses and conduct discovery).

     In sum, WIKA has been prejudiced by Ashcroft's non-disclosure, Ashcroft's non-disclosure is not harmless, and there is simply no reason why Ashcroft could not have disclosed the Undisclosed Witnesses during discovery, and at least well before filing the Pretrial Order. See Nance, supra, 381 F. App'x at 923; Davis v. Green, 2015 WL 3604891, *1-2 (N.D. Ga., June 8, 2015) (granting motion in limine to exclude witnesses not identified during discovery).  Similarly, Ashcroft's intention to subpoena AWC, Inc. for new, unidentified documents for production at trial violates the requirements of Fed. R. Civ. P. 26 and LR. 26.1, which requires all discovery to occur in the discovery period, and all trial exhibits to be listed in the Pretrial Order, and

6

should be denied.  Cf. Davis, 2015 WL 3505665 at 4-5 (excluding documents not identified before trial).

Finally, discovery in this action ended in July 2014, and this case was thoroughly briefed and argued before the Court throughout 2015.  Ashcroft's listing of new witnesses in the Pretrial Order, and potential new, undisclosed documents (and possible trial exhibits) such as the ones Ashcroft seeks from AWC, Inc., is prohibited by the Rules and prejudicial.  WIKA therefore further asks that Ashcroft be precluded from listing any new witnesses for trial by supplementation, and from introducing new documents at trial, as the deadline for listing new witnesses with relevant information and conducting basic discovery passed by long ago.

### III.  Conclusion

For the foregoing reasons, WIKA respectfully requests this Court GRANT this motion *in limine* and issue an Order prohibiting the Undisclosed Witnesses identified above from testifying at trial, and excluding any other new, previously undisclosed evidence or testimony from the Undisclosed Witnesses.

7

Respectfully submitted this 15th day of December, 2015.

|  |  |
|---|---|
| **BRYAN CAVE LLP**<br>One Atlantic Center, 14th Floor<br>1201 West Peachtree Street, NW<br>Atlanta, Georgia 30309<br><br>Telephone: (404) 572-6600<br>Facsimile:   (404) 572-6999 | **/s/ Eric P. Schroeder**<br>Eric P. Schroeder<br>Georgia Bar No. 629880<br>eric.schroeder@bryancave.com<br>Christopher P. Galanek<br>Georgia Bar No. 282390<br>chris.galanek@bryancave.com<br>Curtis J. Romig<br>Georgia Bar No. 613990<br>curtis.romig@bryancave.com<br>Damon J. Whitaker<br>Georgia Bar No. 752722<br>damon.whitaker@bryancave.com<br>C. Angelia. Duncan<br>Georgia  Bar No. 682649<br>angelia.duncan@bryancave.com<br>Aiten M. McPherson<br>Georgia Bar No. 439899<br>aiten.mcpherson@bryancave.com |
| One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, Missouri 63102<br>(314) 259-2000    phone | J. Bennett Clark<br>ben.clark@bryancave.com<br>(*Admitted Pro Hac Vice*) |

*Attorneys for WIKA Instrument I, LP,*
*n/k/a WIKA Instrument, LP*

## Local Rule 7.1(D) Certification of Compliance

I hereby certify that the foregoing pleading has been prepared with Century Schoolbook font, 13 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

/s/ Eric P. Schroeder
Eric P. Schroeder
Georgia Bar No. 629880

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **WIKA's Motion *In Limine* to Exclude Testimony of Witnesses Not Properly Disclosed By Ashcroft, With Memorandum In Support** with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 15th day of December, 2015.

/s/ Eric P. Schroeder
Eric P. Schroeder
Georgia Bar No. 629880

6493335.3