IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WIKA INSTRUMENT, LP, , <br><br>            Plaintiff, <br><br>     v. <br><br> ASHCROFT, INC., <br><br>            Defendant. | CIVIL ACTION <br> NO. 1:13-cv-00043-CAP |

**DEFENDANT ASHCROFT, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM "PREVIOUSLY UNDISCLOSED" WITNESSES AT TRIAL AND MEMORANDUM IN SUPPORT**

WIKA's motion to exclude testimony from what it incorrectly characterizes as "previously undisclosed witnesses" should be denied.

**I.     FACTUAL BACKGROUND**

This action arises from alleged publications of advertisements to purchasers of gauges for use in oil and petrochemical refineries, among other applications. Ashcroft manufactures and sells pressure gauges known as the Type 1279 Duragauge (the "1279"). WIKA's competing gauge is known as the XSEL (the "XSEL"). Ashcroft contends a number of advertisements for WIKA's XSEL gauge were literally false and/or misleading. WIKA alleges that statements made in a Product Information Page ("PI Page") created by Ashcroft contain false and/or

misleading statements about the gauges' ability to withstand heat and elevated temperatures.

WIKA's motion seeks to exclude the testimony from persons listed as "may call" witnesses by Ashcroft in the Pretrial Order: the PLENCO witness Thomas Olmsted,[1] a records custodian from AWC, Inc., Ashcroft's employee, Richard Gordon, and Ashcroft's President, Steven Culmone. WIKA claims these witnesses were "previously unidentified" and relies on Rule 26(e).

**II.   ARGUMENT**

When ruling on a motion *in limine* to exclude previously undisclosed witnesses, a court must determine whether the disclosure rules have been violated, and if so, what, if any, evidence should be excluded. *See Bruce v. Classic Carrier, Inc.*, No. 1:11-cv-01472-JEC, 2014 WL 1230231, *9 (N.D. Ga. March 24, 2014) (analyzing the motion *in limine* as a two-step process). First, Ashcroft did not violate Rule 26(e) by failing to supplement its initial disclosures and discovery responses because supplementation is not required where the opposing party has already been made aware of the information. Second, even if Ashcroft violated Rule 26(e), which it did not, this Court should not preclude the witnesses from testifying because, under

---

[1]   Ashcroft hereby withdraws PLENCO employee Vince Karls as a "may call" witness.

the circumstances, the failure to disclose the witnesses earlier was substantially justified and harmless.

> A. <u>Ashcroft was not required to supplement its disclosures or discovery responses</u>.

Although Ashcroft did not disclose the witnesses in its initial disclosures or discovery responses, it did not violate Rule 26(e), because it was not required to supplement those disclosures. Rule 26(e) requires supplementation only if the party learns that in some material respect its earlier disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." *Shutz Container Sys., Inc. v. Mauser Corp.*, No. 2:09-CV-3609-RWS, 2014 WL 1356612, *5 (N.D. Ga. March 31, 2014) (emphasis in original) (quoting Fed. R. Civ. P. 26(e)(1)(A)). There is "no obligation to provide supplemental or corrective information that has otherwise been made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . ." *Id*. (quoting Fed. R. Civ P. 26 advisory committee note to 1993 amendment); *see also* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1 (3d ed. 2010) ("[T]here is no need . . . to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery.").

3

WIKA knew of these witnesses and their likely testimony during discovery. WIKA obtained records from PLENCO in response to a subpoena WIKA served on PLENCO.  WIKA *already had* the AWC documents in its own files. In fact, WIKA produced AWC documents to Ashcroft in discovery. (*See*, for example, Ashcroft Trial Exhibit 100, Bates numbered WI0098384-98387, attached hereto as Exhibit A.)  WIKA had all these documents for two years, deposed Ashcroft employees about communications that Ashcroft had with PLENCO, and WIKA's witnesses testified about WIKA's relationship with AWC at length.  *See* Deposition of Louis Altieri ("Altieri Dep.") attached hereto as Exhibit B,  pp. 68:15-79:6, Deposition of Jeremy Payne ("Payne Dep.") attached hereto as Exhibit C, pp.  153:24-156:17, 227:13-229:10, Deposition of Andrew Firestone ("Firestone Dep.") attached hereto as Exhibit D, pp. 59:8-63:20, 67:9-69:25, 81:9-96:8; Deposition of Josef Michael Gerster ("Gerster Dep.") attached hereto as Exhibit E, pp. 161:23-166:9.

Mr. Gordon's testimony and identification as a potential witness was also made known to WIKA when his affidavit was filed in response to an issue WIKA raised for the first time in its motion for summary judgment.  WIKA has itself listed that very affidavit as its Exhibit 261 in the Pretrial Order.  Because all these witnesses and their testimony were made known to WIKA, Ashcroft was not required to supplement its disclosures under Rule 26(e).

4

> B. <u>The Court should not preclude the witnesses from testifying because the failure to disclose the witnesses earlier was substantially justified and harmless.</u>

Even assuming *arguendo* that Ashcroft failed to comply with Rule 26, the challenged witnesses should not be precluded from testifying. Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, *unless the failure was substantially justified or is harmless*." (emphasis added). The strong language of Rule 37 limits the exclusionary sanction to violations "without substantial justification" or violations that are not "harmless." Fed. R. Civ. P. 37 advisory committee note to 1993 amendment. Because Ashcroft's failure to disclose these witnesses earlier was substantially justified and harmless, the witnesses' testimony should not be excluded at trial.

**1. The PLENCO Witness, Thomas Olmsted**.

PLENCO manufactures the phenolic material used for the case of Ashcroft's 1279 gauge. During discovery, WIKA served a subpoena on PLENCO and obtained its documents and video, including tests of the heat resistant characteristics of PLENCO's phenolic material and the thermoplastic material used in WIKA's XSEL gauge. *See* PLENCO Subpoena attached hereto as Exhibit <u>F</u>; Payne Dep., Exhibit <u>C</u>, pp. 226:20-230:13. This comparison testing was done by PLENCO in response to false claims made by WIKA in an advertisement WIKA published comparing

5

---

Underwriters Laboratory heat resistant ratings. Among the documents produced by PLENCO pursuant to WIKA's subpoena, are photographs and a video from various gas flame tests, photographs and a video of UL 94V Flame Tests, Test Results and Analysis by PLENCO, and communications among PLENCO employees concerning WIKA's claims and their test results. *See* Email Thread Between PLENCO Employees Regarding WIKA's Video, attached hereto as Exhibit G; PLENCO's Materials Engineering Laboratory Project Report, attached hereto as Exhibit H; Photograph of Mapp Gas Flame Test, attached hereto as Exhibit I; Video of Mapp Gas Flame Test, attached hereto as Exhibit J; Photograph of UL 94V Flame Test, attached hereto as Exhibit K; Video of UL 94V Flame Test, attached hereto as Exhibit L . And while the PLENCO tests were not relied upon by Ashcroft to produce the PI sheet, they confirmed Ashcroft's claims and supported Ashcroft's decision to continue posting the PI sheet, thereby rebutting any contention Ashcroft acted in bad faith.

WIKA subpoenaed PLENCO's records. WIKA questioned witnesses about those records. *See* Altieri Dep., Exhibit B, pp. 68:15-79:6, Payne Dep., Exhibit C, pp. 153:24-156:17, 227:13-229:10. And WIKA was fully aware of and informed of the identities of the witnesses from PLENCO as a result of these records.

The failure to disclose the PLENCO witness already known to WIKA was substantially justified. There is no duty to supplement a disclosure when the other

party is made aware of the information during the discovery process or in writing. Fed. R. Civ. P. 26 advisory committee note to 1993 amendment; *Shutz Container Sys., Inc.*, 2014 WL 1356612, *5.  WIKA received these PLENCO documents in response to its subpoena over two years before the Pretrial Order was submitted. Ashcroft knew that WIKA was aware of the PLENCO documents and, from their produced emails, what the PLENCO witness would say about them.  Because WIKA has been aware of the information during and through the discovery process, Ashcroft was substantially justified in not serving a totally redundant supplementation.

Additionally, the absence of supplementation was harmless.  A court determines whether a failure to disclose a witness is harmless by considering: (1) the importance of the testimony, (2) the reasons for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness is allowed to testify. *Bruce*, 2014 WL 1230231 at *10.  Of paramount importance, a failure to make the required disclosures under Rule 26 is harmless "when there is no prejudice to the party entitled to the disclosure." *Chapple v. State of Ala.*, 174 F.R.D. 698, 701-702 (M.D. Ala. 1997); *see Bruce,* 2014 WL 1230231 at *10 (stating the court must consider the prejudice to the opposing party).  Even if a witness is not listed in an initial disclosure or interrogatory response, if that witness is known to the opposing party and the information provided by that witness is information that the opposing

party knows about and does not contest, the opposing party is not prejudiced by the lack of supplemental listing.

First, because WIKA claims Ashcroft's PI Page is "willfully" false and that Ashcroft continued to post the PI Page allegedly knowing that the claims were literally false, the testimony of these witnesses is significant to this case. WIKA contends that Ashcroft's failure to remove the contested PI Page from its website was done in bad faith. Testimony and documents showing that PLENCO's tests confirmed Ashcroft's belief that the statements in the PI Page were supportable show that Ashcroft did not act in bad faith by continuing to post the PI Page. Accordingly, the testimony is relevant and significant to Ashcroft's defense.

Second, even though Ashcroft omitted Mr. Olmsted, the PLENCO witness, from its initial disclosures and discovery responses, it was not required to supplement its disclosures under Rule 26(e)(1)(A) to add witnesses and information that WIKA was aware of through discovery. WIKA was aware of the PLENCO witness, Mr. Olmsted, whose names and email conversations are replete in the subpoenaed records. *See* Emails produced by PLENCO in Response to Subpoena, attached hereto as Exhibit M; Altieri Dep., Exhibit B, pp. 68:15-79:6; Payne Dep., Exhibit C, pp. 153:24-156:17. After receiving PLENCO's records that were not favorable to WIKA, WIKA chose not to depose the PLENCO witness.

8

Third, there is no prejudice to WIKA by allowing the PLENCO witness to testify. Since WIKA has been aware of the documents and the PLENCO witness for two years, WIKA cannot be surprised by the identification of this witness on the Pretrial Order, and it had ample opportunity to depose the PLENCO witness during the discovery phase.

Further, WIKA can show no prejudice as no trial date has been set and Ashcroft does not object to WIKA deposing Mr. Olmsted before trial. *See Bruce*, 2014 WL 1230231 at *11 (recognizing that the defendants should have moved more quickly to disclose an expert, but finding that the delay caused no significant prejudice because no trial date had been set and the plaintiff could still depose the expert before trial). The failure to disclose an expert, as in the *Bruce* case, is more egregious than the current situation because here, WIKA has been aware of the PLENCO fact witnesses and their likely testimony for years. *See Bruce*, 2014 WL 1230231 at *11 (recognizing that the Northern District of Georgia has applied a higher standard where the undisclosed witness is an expert based on the interpretation of Local Rule 26.2(C) that requires the exclusion of testimony where the failure to disclose, though harmless, is without justification).

Since WIKA knew of the witness and what his testimony would be, Ashcroft had no duty to make a needless supplementation and WIKA can show no prejudice. Therefore, Mr. Olmsted should not be precluded from testifying at trial.

#38178024_v4

## 2. AWC, Inc.'s Keeper of Records.

The Court should not preclude the AWC, Inc. records custodian from testifying because, once again, WIKA was fully aware of their existence and the facts to which they will testify. AWC, Inc., a former Ashcroft distributor, was "flipped" by WIKA through the use of its false advertisements. Firestone Dep., Exhibit D, p. 81. *WIKA* produced *from its own files* documents evidencing sales transactions in which AWC, acting as WIKA's distributor, responded to requests for phenolic gauges without expressly clarifying that the WIKA XSEL does not have a phenolic case. *See* Exhibit A, *supra*. WIKA produced those documents and should not be now allowed to claim it is "surprised" as to the identification of AWC witnesses to authenticate those records.

Ashcroft was justified in not identifying the AWC, Inc. records custodian earlier, because there is no duty to supplement a disclosure when the other party is fully aware of the information during discovery. Fed. R. Civ. P. 26 advisory committee note to 1993 amendment; *Shutz Container Sys., Inc.*, 2014 WL 1356612, *5. The AWC, Inc. documents at issue came from WIKA's files and were produced in discovery by WIKA. Accordingly, WIKA's objection to authenticity was not anticipated and is arguably unjustified. *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 552 (D. Md. 2007) ("[D]ocuments provided to a party during discovery by an opposing party are presumed to be authentic . . . ."); *Indianapolis Minority*

*Contractions Ass'n, Inc. v. Wiley*, No. IP 94-1175-C-T/G, 1998 WL 1988826, at *6 (S.D. Ind. May 13, 1998) *aff'd sub nom. Indianapolis Minority Contractors Ass'n, Inc. v. Wiley*, 187 F.3d 743 (7th Cir. 1999) ("They cannot voluntarily produce documents and implicitly represent their authenticity and then contend they cannot be used by the [the opposing party] because the authenticity is lacking.").

Additionally, the failure to disclose an AWC records custodian witness earlier is harmless. Where a previously undisclosed witness is necessary only for the purpose of authenticating documents and the opposing party is unwilling to stipulate to the authenticity of those documents, the witness should not be precluded from testifying. *See Shutz Container Sys., Inc.*, 2014 WL 1356612 at *6 (finding a witness disclosed for the first time in a pretrial order may be called solely to authenticate documents if the opposing party was unwilling to stipulate to authentication).

Despite WIKA's contentions, the AWC, Inc. records custodian will not be testifying to new documents. Rather, the documents that the records custodian will authenticate are documents that WIKA possessed and produced in discovery. WIKA is aware of the documents and has been on notice of these documents throughout the course of this case. Therefore, WIKA was not entitled to a supplementation of disclosures under Rule 26(e) and Ashcroft was not required to disclose the AWC, Inc. witness earlier.

Under the circumstances, it can hardly be said that WIKA will be prejudiced by the authentication of the AWC documents. Further, no trial date has been set and Ashcroft has no objection to WIKA deposing AWC's records custodian. *See Bruce*, 2014 WL 1230231 at *11 (finding that the delay did not cause the plaintiff significant prejudice because no trial date had been set and the plaintiff would have an opportunity to depose the expert before trial).

**3. Ashcroft Employee, Richard Gordon.**

In response to WIKA's motion for summary judgment, in which it claimed damages associated with a lost sale to Philadelphia Energy Solutions ("PES") (Doc. No. 102, WIKA Stmt of Facts, ¶ 136), Ashcroft submitted an affidavit of Richard Gordon, an Ashcroft Territory Sales Manager who is knowledgeable about the PES request and subsequent purchase of gauges. As is made clear in Mr. Gordon's affidavit, PES did not purchase gauges until August 2014—after discovery in this case had closed. Accordingly, the information provided in the affidavit, and which Ashcroft may elicit at trial, involves events that occurred largely after discovery closed. Mr. Gordon's testimony rebuts WIKA's claim made at summary judgment, of damage from loss of a sale to PES, and therefore should not be excluded under Rule 37. *See* Fed. R. Civ. P. 26 advisory committee note to 1993 amendment (stating Rule 37(c) does not bar an unlisted witness if the need for testimony could not reasonably have been anticipated).

Additionally, the failure to identify Mr. Gordon in the initial disclosures and discovery responses is harmless. WIKA knows what Mr. Gordon's testimony will be because his affidavit was submitted in response to WIKA's motion for summary judgment. Doc. 125. In fact, *WIKA* has listed Gordon's affidavit as WIKA's Trial Exhibit 261. It is disingenuous for WIKA to argue that it would be prejudiced by Mr. Gordon's testimony given its apparent intent to use his affidavit at trial. The failure to disclose Mr. Gordon earlier is harmless and his testimony should not be excluded.

**4. Ashcroft's President, Steven Culmone.**

The Joint Pretrial Order requires that "rebuttal witnesses whose use as a witness can be reasonably anticipated must be included" on the parties' witness lists. Doc. 208, ¶ 18. Steven Culmone is the President and CEO if Ashcroft, Inc. His identity has been known to WIKA throughout this litigation: he was present as Ashcroft's corporate representative during depositions of WIKA representatives.

Ashcroft has identified Mr. Culmone and reserves its right to call Mr. Culmone as a rebuttal witness in the event WIKA challenges the corporate history and/or the structure of Ashcroft, Inc.

## III.  CONCLUSION

For the above reasons, Ashcroft respectfully requests that the Court deny WIKA's *motion in limine* and allow the "previously undisclosed" witnesses to testify at trial.

Respectfully submitted this 20th day of January, 2016.

>  **HOLLAND & KNIGHT LLP**
>
>  */s/ Caroline Johnson Tanner*
>  Caroline Johnson Tanner
>  Georgia Bar No. 392580
>  Regions Plaza, Suite 1800
>  1180 West Peachtree Street, N.W.
>  Atlanta, GA 30309-3407
>  (404) 817-8500 (phone)
>  (404) 881-0470 (fax)
>  caroline.tanner@hklaw.com
>
>  Brian G. Leary (*pro hac vice*)
>  Massachusetts Bar No. 548386
>  Benjamin M. McGovern (*pro hac vice)*
>  Massachusetts Bar No. 661611
>  HOLLAND & KNIGHT LLP
>  10 St. James Avenue
>  Boston, MA 02116
>  (617) 523-2700 (phone)
>  brian.leary@hklaw.com
>  benjamin.mcgovern@hklaw.com

#38178024_v4

## **LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned counsel for Defendant Ashcroft, Inc. hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 7.1 of the United States District Court for the Northern District of Georgia.

This 20th day of January, 2016.

                                    **HOLLAND & KNIGHT LLP**

                                    */s/ Caroline Johnson Tanner*
                                    Caroline Johnson Tanner
                                    Georgia Bar No. 392580
                                    Regions Plaza, Suite 1800
                                    1180 West Peachtree Street, N.W.
                                    Atlanta, GA 30309-3407
                                    (404) 817-8500 (phone)
                                    caroline.tanner@hklaw.com

                                    *Attorney for Ashcroft, Inc.*

#38178024_v4

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed with the Clerk of Court the foregoing Defendant Ashcroft, Inc.'s Response in Opposition to Plaintiff's Motion *in Limine* to Exclude Testimony from Previously Undisclosed Witnesses at Trial and Memorandum in Support using the CM/ECF system, which will forward a copy to the following parties of record as follows:

| | |
|---|---|
| Eric P. Schroeder | J. Bennett Clark |
| Damon Whitaker | (*pro hac vice*) |
| BRYAN CAVE LLP | BRYAN CAVE LLP |
| One Atlantic Center, 14th Floor | One Metropolitan Square |
| 1201 West Peachtree Street, NW | 211 North Broadway, Suite 3600 |
| Atlanta, Georgia 30309 | St. Louis, Missouri 63102 |
| eric.schroeder@bryancave.com | ben.clark@bryancave.com |
| damon.whitaker@bryancave.com | |

This 20th day of January, 2016.

HOLLAND & KNIGHT LLP

*/s/ Caroline Johnson Tanner*
Caroline Johnson Tanner
Georgia Bar No. 392580
Regions Plaza, Suite 1800
1180 West Peachtree Street, N.W.
Atlanta, GA 30309-3407
 (404) 817-8500 (phone)
caroline.tanner@hklaw.com

*Attorney for Ashcroft, Inc.*

#38178024_v4