IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WIKA INSTRUMENT, LP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ASHCROFT, INC., )<br>)<br>Defendant. )<br>_____ ) | Civil File No. 1:13-cv-00043-CAP |

**REPLY IN SUPPORT OF WIKA'S MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY AT TRIAL
FROM PREVIOUSLY UNDISCLOSED WITNESSES**

The Court should grant WIKA's Motion [Doc. 212] and exclude certain previously undisclosed witnesses from testifying at trial, while limiting the scope of one such witness consistent with this Reply.

## OVERVIEW

Ashcroft's Response to WIKA's Motion ("Response") does not (and cannot) explain its failure to disclose the five witnesses listed in WIKA's Motion. Instead Ashcroft attempts to shift the blame to WIKA by: (1) quietly withdrawing one witness, Vince Karls of PLENCO, without explanation in a footnote; (2) arguing that it did not have to disclose two witnesses, Thomas Olmstead and "AWC's keeper of records", because they and their testimony

1

were "disclosed" through documents produced in discovery; (3) arguing that it was not required to disclose its employee Richard Gordon because Ashcroft submitted his affidavit with its summary judgment filings ***months after discovery ended***; and (4) arguing without support that Ashcroft did not have to disclose its own President, because he is a rebuttal witness.  Ashcroft makes these arguments while admitting that it failed to disclose any of the witnesses in its Initial Disclosures, Interrogatory Responses, or any supplementations of those discovery submissions.  (Doc. 260 at 3.)  Ashcroft's Response clearly establishes that it failed to comply with its obligations under Fed. R. Civ. P. 26(a) & (e), and LR 26.1, N.D. Ga.  Furthermore, Ashcroft cannot establish that its failures were substantially justified or harmless.

      Nevertheless, WIKA agrees that in the case of the "AWC keeper of records", his or her testimony can be avoided by WIKA stipulating to the authenticity of Exhibit A to Ashcroft's Response and WIKA will agree to do so. WIKA would have agreed to do so earlier if Ashcroft asked for such a stipulation.  Similarly, if Mr. Gordon's testimony will be limited to the testimony offered in his affidavit, which Ashcroft did not make clear from his listing on Ashcroft's "may call" list in the Pretrial Order, WIKA will not object to his testimony on grounds of Ashcroft's failure to disclose even though,

contrary to the statements in its Response, Ashcroft knew of many of the facts in his affidavit by May of 2014 before discovery closed.

WIKA will not and cannot concede, however, that Mr. Olmstead or Mr. Culmone were disclosed, and thus neither should be allowed to testify. The emails from PLENCO were available to both parties and Ashcroft could have disclosed and deposed Mr. Olmstead during discovery but chose not to do so. Moreover, Mr. Olmstead's testimony relates to inadmissible and irrelevant flammability testing, which is challenged in a separate motion *in limine* filed by WIKA [Doc. 238]. Mr. Culmone was never disclosed as a possible witness or person with relevant knowledge prior to the Pretrial Order. WIKA's Motion, as modified above, should be GRANTED pursuant to Fed. R. Civ. P. 26, LR 26.1, N.D. Ga., and Fed. R. Civ. P. 37.

## ARGUMENT

### I. Authenticating the AWC Document Attached As Exhibit A To Ashcroft's Response.

As mentioned above, WIKA agrees that in the case of the "AWC keeper of records" his or her testimony can be avoided by stipulation. Specifically, WIKA will stipulate to the authenticity of Exhibit A to Ashcroft's Response to avoid the necessity of calling an additional witness simply to authenticate a document which, according to Ashcroft's Response, is all Ashcroft needs from

the "AWC keeper of records". Schultz Container Sys. v. Mauser, 2014 WL 1356612 (N.D. Ga. 2014) (allowing undisclosed witness for authentication).

## II. Both PLENCO Witnesses Should Be Excluded.

Ashcroft's Response includes the unexplained withdrawal of PLENCO employee Vince Karls from Ashcroft's "may call" witness list. (Doc. 260 at n.1.) Ashcroft still opposes, however, any attempts to limit or preclude the testimony of PLENCO's Thomas Olmstead. Mr. Olmstead, however, should not be permitted to testify at trial.

While WIKA did subpoena PLENCO for documents, neither WIKA nor Ashcroft deposed any witnesses from PLENCO. More importantly, as Ashcroft admitted in its Response, neither Ashcroft's Initial Disclosures nor Interrogatory Responses disclosed anyone from PLENCO as an individual with relevant factual knowledge. (Doc. 260 at 3.) Once it received the PLENCO documents and evidence, Ashcroft could have supplemented either its Initial Disclosures or Interrogatory Responses if Ashcroft believed the documents to be relevant and Mr. Olmstead to have knowledge of those documents or other relevant knowledge. Ashcroft did not and thus chose not to comply with its obligations under Fed. R. Civ. P. 26(e)(1) and N.D. Ga. LR 26.1, and its Response provides no explanation for these failures. (Doc. 260); FTC v. Nat'l Urological Grp., Inc., 645 F. Supp. 2d 1167, 1179 (N.D. Ga. 2008) (J. Pannell).

4

Instead, Ashcroft simply argues that since WIKA subpoenaed the documents from PLENCO, WIKA should have deposed Mr. Olmstead because he is mentioned in the documents, and thus, WIKA cannot be surprised if he testifies about the documents. (Doc. 260 at 6-7.) Importantly, Ashcroft has not stated it will limit Mr. Olmstead's testimony to what is in the documents, specifically Exhibits G – L to Ashcroft's Response. And, even if it did, Ashcroft's failure to disclose Mr. Olmstead is fatal to its attempt to have him testify. FED. R. CIV. P. 26(e)(1) and 37; LR 26.1, N.D. Ga.; FTC, 645 F. Supp. 2d at 1179.

Ashcroft contends that its failure to disclose Mr. Olmstead should be excused by the Court because his testimony is important, it had reasons for failing to disclose him earlier, and there is no prejudice to WIKA. (Doc. 260 at 7-8). In arguing the evidence's importance, Ashcroft fails to mention that WIKA has challenged the PLENCO flammability testing documents on Ashcroft's Exhibit List as inadmissible and irrelevant. (See Doc. 238.) While noting that not contesting the information is relevant to whether non-disclosure of a witness prejudices the opposing party, Ashcroft completely ignores that WIKA ***is contesting*** the admissibility and relevance of the very evidence Mr. Olmstead would testify about at trial. (Doc. 260 at 7-8.) Ashcroft also ignores the fact that its reason for not disclosing Mr. Olmstead

5

was simply its own negligence, and attempts to cover up that fact by claiming it did not have to disclose him because WIKA not only knew of him, but also knew of his potential testimony. (Id.) This is not true; WIKA does not know the extent of what Mr. Olmstead will say in any potential testimony and Ashcroft has not said anything about his testimony other than it will be similar to what is in the PLENCO documents, despite spending almost 5 pages discussing Mr. Olmstead in its Response. (Id. at 5-9.)

Ashcroft finally argues that there is no prejudice because WIKA has been aware of the documents and Mr. Olmstead for two years, could not be surprised by his testimony, and could have deposed him. (Id. at 9.) Ashcroft makes this argument without providing any detail of his potential testimony or explaining its limits. (Id.) Ashcroft's argument also ignores how federal courts have determined when and whether a party is prejudiced, which arises simply from the failure to disclose a witness until the pretrial order, even if that witness is mentioned in disclosed documents. Auraria Student Housing v. Campus, 2014 WL 2933189 (D. Colo. 2014) (prejudice when individual mentioned in documents is first disclosed as witness for trial in the pretrial order). Such is the case here. WIKA is prejudiced not only by the failure to disclose the witness and the extent or limits of his potential testimony, but also because WIKA is contesting the evidence upon which the testimony is

6

based as inadmissible and irrelevant. (See Doc. 234.) WIKA has clearly established the prejudice to it resulting from Ashcroft's failure to disclose Mr. Olmstead, and that prejudice cannot be eliminated or even mitigated by forcing WIKA to take his deposition in the month before the April 11, 2016 trial of this case.

### III. Ashcroft's Belatedly Disclosed Employees Should Be Excluded.

#### A. Ashcroft Could Have Disclosed Mr. Gordon's Potential Testimony and Chose Not To Do So.

Ashcroft argues in its Response that its employee Richard Gordon should be allowed to testify because his relevant knowledge was disclosed in an affidavit attached to Ashcroft's summary judgment papers months after discovery closed. (Doc. 260 at 12.) Ashcroft concedes (as it has to because of the content of Mr. Gordon's affidavit) that some of the events he will testify about occurred before discovery closed. (Id. at 12.) Ashcroft admits, therefore, that it could have disclosed Mr. Gordon and at least part of his potentially relevant knowledge prior to the close of discovery and did not do so. This failure to disclose is a violation of Ashcroft's discovery obligations, and a sufficient reason to exclude Mr. Gordon's testimony. Fed. R. Civ. P. 26(e)(1) and 37; LR 26.1, N.D. Ga.; FTC, 645 F. Supp. 2d at 1179.

7

Ashcroft does not explain how the need for Mr. Gordon could not reasonably have been anticipated, and it cannot do so in the face of his potential testimony regarding events that began in May 2014. (Doc. 260 at 12.) Mr. Gordon's testimony could be excluded under the applicable authority, but WIKA will not oppose Ashcroft offering Mr. Gordon's testimony on failure to disclose grounds if Ashcroft agrees his testimony will be limited to the facts set forth in his affidavit. If Ashcroft will not agree to such a limit, WIKA asks the Court to exclude all testimony from Mr. Gordon.

### B. Mr. Culmone Should Not Be Allowed To Testify At Trial.

Ashcroft provides no factual explanation for its failure to disclose Mr. Culmone nor any legal authority excusing that failure. Mr. Culmone was not revealed in any documents produced during discovery. The fact that his identity was known to WIKA is irrelevant. Mr. Culmone is the President and CEO of Ashcroft, and thus known to WIKA by virtue of that fact alone, and although he observed several depositions as Ashcroft's corporate representative monitoring the lawsuit, he was not designated to testify as an Ashcroft 30(b)(6) representative, nor did Ashcroft ever identify and disclose him as an individual with relevant knowledge.

Now, Ashcroft attempts to excuse its failures by describing him as a rebuttal witness. This is a woefully insufficient excuse, as is clear from

Ashcroft's complete absence of any legal authority supporting its position that it does not have to disclose potential rebuttal witnesses during discovery. None of the relevant rules or authority mention such an exception. Fed. R. Civ. P. 26(e)(1) and 37; LR 26.1, N.D. Ga.; FTC, 645 F. Supp. 2d at 1179. And, as noted above, the disclosure of a witness for the first time in a pretrial order, even if that witness was known from documents, is prejudicial to the opposing party. Auraria Student Housing, 2014 WL 2933189.

Here, where Mr. Culmone was not even disclosed in the documents, and his testimony has been vaguely described as "a rebuttal witness in the event WIKA challenges the corporate history and/or structure of Ashcroft, Inc." (Doc. 260 at 13)[1], the prejudice to WIKA is clear. Under the analysis cited by Ashcroft, the failure to disclose Mr. Culmone was not substantially justified (or justified at all) by Ashcroft, and the potential prejudice to WIKA in these circumstances, where Ashcroft has provided no information regarding the scope of his testimony, is substantial. (Cf. Doc. 260 at 2-3, 5.) He should not be allowed to testify.

---

[1] It appears given WIKA's challenge to Mr. Culmone that, based on the disclosures now made to the Court, Ashcroft has agreed to limit the scope of his testimony to exclude the topics of Ashcroft's "marketing and sales strategies" and "damages associated with the claims in this case", which clearly are not "rebuttal" topics. (Compare Doc. 260 at 13 with Doc. 208-10 at 2.) Regardless, Mr. Culmone should not be permitted to testify on any topic.

## CONCLUSION

For the foregoing reasons, and those in WIKA's opening brief, the Court should GRANT WIKA's motion *in limine* [Doc. 212] as modified in this Reply and: (a) prohibit AWC, Inc.'s keeper of records, Vince Karls, Thomas Olmstead, and Steven Culmone from testifying at trial; and (b) restrict Richard Gordon's testimony to that which is set forth in his affidavit.

Respectfully submitted this 8th day of February, 2016.

|  |  |
|---|---|
| **BRYAN CAVE LLP**<br>One Atlantic Center, 14th Floor<br>1201 West Peachtree Street, NW<br>Atlanta, Georgia 30309<br><br>Telephone:  (404) 572-6600<br>Facsimile:   (404) 572-6999 | **/s/ Eric P. Schroeder**<br>Eric P. Schroeder<br>Georgia Bar No. 629880<br>eric.schroeder@bryancave.com<br>Christopher P. Galanek<br>Georgia Bar No. 282390<br>chris.galanek@bryancave.com<br>Curtis J. Romig<br>Georgia Bar No. 613990<br>curtis.romig@bryancave.com<br>Damon J. Whitaker<br>Georgia Bar No. 752722<br>damon.whitaker@bryancave.com<br>C. Angelia. Duncan<br>Georgia  Bar No. 682649<br>angelia.duncan@bryancave.com<br>Aiten M. McPherson<br>Georgia Bar No. 439899<br>aiten.mcpherson@bryancave.com |
| One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, Missouri 63102<br>(314) 259-2000    phone | J. Bennett Clark<br>ben.clark@bryancave.com<br>(*Admitted Pro Hac Vice*) |

*Attorneys for WIKA Instrument, LP*

## **Local Rule 7.1(D) Certification of Compliance**

I hereby certify that the foregoing pleading has been prepared with Century Schoolbook font, 13 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

/s/ Eric P. Schroeder
Eric P. Schroeder
Georgia Bar No. 629880


## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **Reply in Support of WIKA's Motion *In Limine* to Exclude Testimony At Trial From Previously Undisclosed Witnesses** with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 8th day of February, 2016.

/s/ Eric P. Schroeder
Eric P. Schroeder
Georgia Bar No. 629880

#6504620_1