*Court Verdict Form*

FILED IN CHAMBERS
U.S.D.C Atlanta

APR 2 2 2016

JAMES N. HATTEN, Clerk
By: Don Stanhope
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WIKA INSTRUMENT, LP, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:13-CV-00043-CAP |
| ASHCROFT, INC., | |
| Defendant. | |

## VERDICT

### WIKA's Claims

I. Lanham Act Claims

    A. Product Information Page (Flammability Advertisement)

        1. Do you find that the Product Information Page (Flammability Advertisement) is literally false?

            Yes: **X** (go to 2)   No: ____ (go to 3)

        2. Do you find that the Product Information Page (Flammability Advertisement) had a material effect on consumers' purchasing decisions AND likely caused WIKA injury in violation of the Lanham Act?

            Yes: **X** (go to 5)   No: ____ (go to 10)

3. Do you find that the Product Information Page (Flammability Advertisement) is misleading?

   Yes:____(go to 4)  No:____(go to 10)

4. Do you find that the Product Information Page (Flammability Advertisement) deceived customers, had a material effect on consumers' purchasing decisions, AND likely caused WIKA injury in violation of the Lanham Act?

   Yes:____(go to 5)  No:____(go to 10)

5. If you find WIKA suffered actual injury and damages, what amount, if any, has WIKA proven it should recover from Ashcroft for use of the Product Information Page (Flammability Advertisement) in violation of the Lanham Act?

   $ __12,189.46_____(go to 6)

6. Do you find that Ashcroft's false or misleading advertising entitles WIKA to "enhanced damages?"

   Yes: X   No:____(go to 7)

   If YES, how much?

   $ __3 times_____(no more than three times the amount in 5 above)(go to 7)

7. Do you find that:

   a. Ashcroft's conduct was willful and deliberate, OR

   b. An award of Ashcroft's profits is necessary to deter Ashcroft's future wrongful conduct,

   and therefore WIKA is entitled to an award of Ashcroft's profits?

   Yes: _X_ (go to 8)  No: ___ (go to ~~9~~ 10)

8. What amount, if any, should WIKA recover from Ashcroft for use of the Product Information Page (Flammability Advertisement) based on the theory of an award of Ashcroft's profits?

   $ _3,300,000_ (go to ~~9~~ 10)

9. ~~Do you find that Ashcroft's false or misleading advertising entitles WIKA to prejudgment interest?~~

   ~~Yes: ___ (go to 10) No: ___ (go to 10)~~

B. 1279 Data Sheets

10. Do you find that the 1279 Data Sheets are literally false?

    Yes: _X_ (go to 11)  No: ___ (go to 12)

11. Do you find that the 1279 Data Sheets had a material effect on consumers' purchasing decisions AND likely caused WIKA injury in violation of the Lanham Act?

    Yes: _X_ (go to 14)  No: ___ (go to 14)

12. Do you find that the 1279 Data Sheets are misleading?

    Yes: ___ (go to 13)  No: ___ (go to 14)

13. Do you find that the 1279 Data Sheets had a tendency to deceive customers, had a material effect on consumers' purchasing decisions, AND likely caused WIKA injury in violation of the Lanham Act?

    Yes: ___ (go to 14)  No: ___ (go to 14)

**Instruction:** Answer 14 and 15 only if you found that Ashcroft violated the Lanham Act by answering YES to any of questions 2, 4, 11, OR 13.

C. Attorney's Fees

14. Do you find that this is an "exceptional case" under the Lanham Act, thus entitling WIKA to an award of attorney's fees?

    Yes: X (go to 15)  No: ___ (go to 15)

D. Corrective Advertising

15. Do you find that Ashcroft's false or misleading advertising requires Ashcroft to produce "corrective advertising"?

    Yes: X (go to 16)  No: ___ (go to 16)

**Instruction:** If you found that Ashcroft violated the Lanham Act for the Product Information Page (Flammability Advertisement) or the 1279 Data Sheets, then you MUST find that Ashcroft violated the Georgia Uniform Deceptive Trade Practices Act for the corresponding claim below. However, you may still find a Georgia Uniform Deceptive Trade Practices Act violation without finding a Lanham Act violation.

II. Georgia Uniform Deceptive Trade Practices Act

   A. Product Information Page (Flammability Advertisement)

      16. Do you find that the Product Information Page (Flammability Advertisement) violated the Georgia Uniform Deceptive Trade Practices Act?

         Yes: _X_ (go to 17 & 18)  No: ___ (go to 17)

   B. 1279 Data Sheets

      17. Do you find that the 1279 Data Sheets violated the Georgia Uniform Deceptive Trade Practices Act?

         Yes: _X_ (go to 18)  No: ___ (go to 19, unless you answered YES to 16)

**Instruction:** Answer 18 only if you answered YES to either 16 or 17 above.

   C. Attorney's Fees

      18. Do you find that Ashcroft willfully engaged in a practice that violated the Georgia Uniform Deceptive Trade Practices Act and knew it to be deceptive, thus entitling WIKA to an award of attorney's fees?

         Yes: _X_ (go to 19)  No: ___ (go to 19)

III. Connecticut Unfair Trade Practices Act

   A. Product Information Page (Flammability Advertisement)

   19. Do you find that the Product Information Page (Flammability Advertisement) violated the Connecticut Unfair Trade Practices Act?

   Yes: X (go to 20) No: ___ (go to 22)

   20. How much, if any, do you award WIKA in compensatory damages?

   $ 0 (go to 21)

   21. Do you award WIKA punitive damages?

   Yes: X (go to 22) No: ___ (go to 22)

   B. 1279 Data Sheets

   22. Do you find that the 1279 Data Sheets violate the Connecticut Unfair Trade Practices Act?

   Yes: X (go to 23) No: ___ (go to 23)

**Instruction:** Answer 23 only if you answered YES to 19 or 22

   C. Attorney's Fees

      23. Do you find that Ashcroft violated the Connecticut Unfair Trade Practices Act, AND that WIKA should receive an award of attorney's fees?

         Yes: _X_ (go to 24) No: ___ (go to 24)

IV. Tortious Interference

   A. Product Information Page (Flammability Advertisement)

      24. Do you find that Ashcroft tortiously interfered with WIKA's business relations as defined under Georgia law?

         Yes: _X_ (go to 25) No: ___ (go to 26)

      25. Do you find that WIKA is entitled to damages because of Ashcroft's tortious interference?

         Yes: _X_   No: ___ (go to 26)

         If YES, how much, if any?

         Compensatory Damages: $ _0_

         Punitive Damages: Yes: _X_ (go to 26) No: ___ (go to 26)

V. Cost and Expenses, Including Attorney's Fees

    26. Do you find that WIKA is entitled to attorney's fees under O.C.G.A. § 13-6-11?

        Yes: _X_ (go to 26a)  No: ___ (go to 26a)

**Instruction:** You must answer 26a.

VI. Unclean Hands

    26a. Do you find WIKA acted with "unclean hands"?

        Yes: ___ (go to 27)  No: _X_ (go to 27)

**Ashcroft's Claims**

VII. Lanham Act Claims

 A. Durability Advertisements (The term "Durability Advertisements" shall refer to any WIKA advertisement in evidence stating that the XSEL pressure gauge: (i) lasts "5 times longer than competing brands when used in like applications"; (ii) is capable of "producing 10 million pressure cycles without any negative effects to the accuracy"; or (iii) that the All-Welded System can "extend gauge life by 2.5 times or more." (Trial Exhs. ___))

  27. Do you find that any one or more of WIKA's Durability Advertisements are literally false?

   Yes:___(go to 28) No: ✗ (go to 29)

  28. Do you find that any of the Durability Advertisements had a material effect on consumers' purchasing decisions AND likely caused Ashcroft injury in violation of the Lanham Act?

   Yes:___(go to 31) No:___(go to 32)

  29. Do you find that any one or more of WIKA's Durability Advertisements is misleading?

   Yes: ✗ (go to 30) No:___(go to 32)

30. Do you find that any of the Durability Advertisements deceived customers, had a material effect on consumers' purchasing decisions, AND caused Ashcroft injury in violation of the Lanham Act?

     Yes:____(go to 31) No: _X_(go to 32)

31. What amount, if any, has Ashcroft proven it should recover from WIKA for use of the Durability Advertisements in violation of the Lanham Act?

     $_____(go to 32)

B. Failure to Take Exception

32. Do you find that WIKA's Failure to Except constitutes commercial advertising or promotion under the Lanham Act?

     Yes:____(go to 33) No: _X_(go to 38)

33. Do you find that WIKA's Failure to Except is literally false?

     Yes:____(go to 34) No:____(go to 35)

34. Do you find that WIKA's Failure to Except had a material effect on consumers' purchasing decisions AND likely caused Ashcroft injury in violation of the Lanham Act?

     Yes:____(go to 37) No:____(go to 38)

35. Do you find that WIKA's Failure to Except is misleading?

    Yes:____(go to 36) No:____(go to 38)

36. Do you find that WIKA's Failure to Except deceived customers, had a material effect on consumers' purchasing decisions, AND caused Ashcroft injury in violation of the Lanham Act?

    Yes:____(go to 37) No:____(go to 38)

37. What amount, if any, has Ashcroft proven it should recover from WIKA for WIKA's Failure to Except in violation of the Lanham Act?

    $_____(go to 38)

**Instruction:** Answer 38 only if you found that WIKA violated the Lanham Act by answering YES to any of questions 28, 30, 34, OR 36.

C. Attorney's Fees

38. Do you find that this case is an "exceptional case" under the Lanham Act, thus entitling Ashcroft to an award of attorney's fees?

    Yes:____(go to 39) No: ✗ (go to 39)

**Instruction:** If you found that WIKA violated the Lanham Act for the Durability Advertisements or its Failure to Take Exception, then you **MUST** find that WIKA violated the Georgia Uniform Deceptive Trade Practices Act for the corresponding claim below. However, you may still find a Georgia Uniform Deceptive Trade Practices Act violation without finding a Lanham Act violation.

VIII. Georgia Uniform Deceptive Trade Practices Act

  A. Durability Advertisements

   39. Do you find that any one or more of WIKA's Durability Advertisements violated the Georgia Uniform Deceptive Trade Practices Act?

   Yes: X (go to 40 & 41)  No: ___ (go to 40)

  B. Failure to Take Exception

   40. Do you find that WIKA's Failure to Except violated the Georgia Uniform Deceptive Trade Practices Act?

   Yes: ___ (go to 41) No: X (go to 42, unless you answered YES to 39)

**Instruction:** Answer 41 only if you answered YES to either 39 or 40 above.

    41. Do you find that WIKA willfully engaged in a practice that violated the Georgia Uniform Deceptive Trade Practices Act and knew it to be deceptive, thus entitling Ashcroft to an award of attorney's fees?

        Yes:____(go to 42) No: _X_(go to 42)

IX. Connecticut Unfair Trade Practices Act

  A. Durability Advertisements

    42. Do you find that any one or more of the Durability Advertisements violated the Connecticut Unfair Trade Practices Act?

        Yes: _X_(go to 43) No:____(go to 45)

    43. How much, if any, do you award Ashcroft in compensatory damages?

        $_____0_____(go to 44)

    44. Do you award Ashcroft punitive damages?

        Yes: _X_(go to 45) No:____(go to 45)

B. Failure to Take Exception

45. Do you find that WIKA's Failure to Except violated the Connecticut Unfair Trade Practices Act?

Yes:____(go to 46) No: ✗ (go to 48)

46. How much, if any, do you award Ashcroft in compensatory damages?

$_____(go to 47)

47. Do you award Ashcroft Punitive damages?

Yes:____(go to 48) No:____(go to 48)

**Instruction:** Answer 48 only if you answered YES to 42 or 45.

C. Attorney's Fees

48. Do you find that WIKA violated the Connecticut Unfair Trade Practices Act, AND that Ashcroft should receive an award of attorney's fees?

Yes:____(go to 49) No: ✗ (go to 49)

**Instruction:** You must answer 49.

X. Unclean Hands

49. Do you find Ashcroft acted with "unclean hands"?

Yes:____        No: ✗

15

SO SAY WE ALL

This _22_ day of April, 2016

_Osborne Coleman_
Foreperson